**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-00626-DME-KLM
OTTER PRODUCTS, LLC, et al.,

      Plaintiffs,

v.

BIG BIRDS, LLC, et al.,

      Defendants.

---

## STIPULATED ELECTRONIC DISCOVERY PROTOCOL

---

The parties hereby stipulate to the following guidelines related to locating, preserving and producing potentially relevant electronically-stored documents:

**A.**    **SCOPE OF E-DISCOVERY**

Each party will conduct a diligent search of those reasonably accessible sources in which it has reason to believe relevant electronically-stored information (ESI) responsive to the opposing party's discovery requests will be found. Reasonably accessible sources of ESI include personal computer hard drives, shared network drives and cloud-based storage services.

**B.**    **EXCLUSIONS**

The parties agree that the circumstances of this case do not warrant the preservation, review or production of ESI that is not reasonably accessible or not readily preserved because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. Moreover, the remote possibility of locating relevant information is substantially outweighed by the burden and cost of preservation

and/or review and production of ESI from those sources. The parties agree that the following ESI need not be preserved or reviewed for production:

1. Voicemail.

2. Text messages.

3. Instant Messaging.

4. Residual, deleted, fragmented, damaged, or temporary data (e.g., data stored in a computer's RAM).

5. Encrypted data/password protected files, where the key or password cannot be ascertained after reasonable efforts.

## C.    FORM OF PRODUCTION

1.    **Document Image Format.**  Paper documents and ESI shall be produced in Tagged Image File Format ("TIFF").  Specifically, documents shall be produced as 300 D.P.I. Group IV compression black and white single-page TIFF images.  The following exceptions apply:

a.    **Native Format.**  ESI that cannot be converted to TIFF format (such as video files or Power Point presentations with animation) will be produced in native format. Excel files, PowerPoint files, and any other documents that are not readily converted to TIFF format or may not be reasonably usable in TIFF format will be produced in native format.  If initially produced in TIFF format, the producing party will reproduce these documents as native files if requested to do so in writing by the receiving party for a reasonable number of selected documents.  Documents produced in native format will be produced with a placeholder TIFF

image. Each TIFF placeholder will contain the Bates number and confidentiality designation, if any.

   b. **Color.** A party shall produce color images for a reasonable number of selected documents if requested to do so in writing by the receiving party. If requested, color images should be delivered as packbit TIFFs, JPGs, or PDFs.

   2. **Load File.** The Producing Party shall produce a unitization file ("load file") compatible with Concordance or a comparable document management and review system, with Comma Separated Value (.CSV) files (commonly .DAT files), for all produced documents in accordance with the following formatting (which the parties may jointly agree to modify without the Court's leave):

   a. **Document Unitization Load File:**

- Document productions should include load files.
- Metadata provided in a delimited file as described below under the subheading of "Metadata Load File."

   b. **OCR and Extracted Text Files (.TXT Files):**

- Single text file per document containing all the document's pages
- Pages separated by form feed character (decimal 12, hex 0xC)
- Filenames should be of the form: <Bates num>.txt, where <Bates num> is the BATES number of the first page in the document.
- Text must be encoded in ascii, except where documents contain characters requiring UTF-8 in order to be read. Such documents shall be produced in UTF-8 format.

c.   **Image Files:**

- Single page per image.

- Single image per file.

- TIFF is default FORMAT.  In the event the receiving party requests specific documents in a format other than TIFF, the receiving party shall request such production as set forth in Paragraph D(1)(a).

- Filenames should be of the form: <Bates num>.<ext> Where <Bates num> is the BATES number of the page, and <ext> is the appropriate extension for the image format (.jpg, .tif, .png, etc).

3.   **File Name.**  Each document image file shall be named with the unique Bates Number, followed by the extension "TIF."  File names should not be more than fifteen characters long or contain spaces or underscore symbols.  Each document image shall also contain a footer with the unique Bates Number.

4.   **Document Unitization.**  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

5.   **Searchable Text.**  Documents shall be produced with the associated OCR.  No Producing Party shall be required to ensure that the OCR is an exact duplicate of the contents of the TIFF image; and the receiving party shall accept the OCR in its "as is" condition.

6.   **Production Media.**  Documents shall be produced on CD-ROMs, DVDs, external hard drives, or electronically, or other forms agreed upon by the parties (the "Production Media").  Information that shall be identified on a physical Production Media shall include: (1)

text referencing that it was produced in this matter, (2) the producing party's name, and (3) the Bates Number range of the materials contained on the Production Media.

7.    **Metadata.**   The Producing Party shall produce the metadata information described below with each production and in the format described in C(2) above, to the extent such metadata already exists. Nothing in this paragraph shall be construed to obligate a party to create new metadata that is not already in existence at the time of collection of the document, with the exception that the metadata must include a protective order designation for each document produced. For images generated from native electronic documents, a producing party shall produce with each production the following fields, where reasonably available.

|   | **FIELD** | **DEFINITION** | **DOC TYPE** |
|---|---|---|---|
| 1 | CUSTODIAN OR NON-CUSTODIAL SOURCE | Name of the person from whose files the document/data is being produced or name of data source location if not associated with single custodian | ALL |
| 2 | BEGINBATES | Beginning Bates Number (production number) | ALL |
| 3 | ENDBATES | Ending Bates Number (production number) | ALL |
| 4 | TITLE | Title of electronic document (either as a standalone document or as the attachment to an email) | ALL |
| 5 | NATIVELINK | Field containing link to native file | ALL |
| 6 | TEXTPATH | File path for OCR or Extracted Text files | ALL |
| 7 | DOCTYPE | Document type (e.g. .doc, .pst, .ppt, .xls, .pdf) | EDOCS |
| 8 | PROTECTIVEORDER | The protective order designation (if any) assigned to the document | ALL |

5

| | **FIELD** | **DEFINITION** | **DOC TYPE** |
|---|---|---|---|
| 9 | PARENTBATES | The unique beginning document number of the parent document | AS APPLICABLE |
| 10 | BEGATTACH | Bates number of first family member (parent) | AS APPLICABLE |
| 11 | ENDATTACH | Bates number of last family member | AS APPLICABLE |
| 12 | ATTACHBATES | Bates number listing of all attachments in the family separated by a comma | AS APPLICABLE |
| 13 | PAGECOUNT | Page count for a document | AS APPLICABLE |
| 14 | FROM | Full email address of Sender | AS APPLICABLE |
| 15 | TO | Full email address of Recipient(s) separated by semicolon | AS APPLICABLE |
| 16 | CC | Full email address of Carbon copy recipient(s) separated by semi colon | AS APPLICABLE |
| 17 | BCC | Full email address of Blind carbon copy recipient(s) separated by semi colon | AS APPLICABLE |
| 18 | SUBJECT | Email subject | AS APPLICABLE |
| 19 | SENTDATETIME | The date and time a document was sent (UTC) | AS APPLICABLE |
| 20 | RECEIVEDDATETIME | The date and time a document was received (UTC) | AS APPLICABLE |
| 21 | MEETINGSTARTDATETIME | Meeting start date/time in UTC | AS APPLICABLE |
| 22 | MEETINGENDDATETIME | Meeting end date/time in UTC | AS APPLICABLE |
| 23 | FOLDER | Original File Path | AS APPLICABLE |
| 24 | AUTHOR | The display name of the author of a document | AS APPLICABLE |
| 25 | FILENAME | The file name of a document | AS APPLICABLE |
| 26 | FILESIZE | The file size of a document (including embedded attachments) | AS APPLICABLE |
| 27 | CREATEDDATETIME | The date and time a document was created (UTC) | AS APPLICABLE |
| 28 | LASMODIFIEDDATETIME | The date and time the document was last modified (UTC) | AS APPLICABLE |
| 29 | HASH | The MD5 Hash value for the email including attachments | AS APPLICABLE |

## D.   ROLLING PRODUCTIONS

In the interest of producing documents in an efficient manner, the parties will produce documents, including ESI, on a rolling production basis.

## E.   SEARCHING OF E-MAILS

General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). If a party seeks e-mail discovery, the parties shall make good faith efforts to discuss and agree upon the scope, timing, custodians, and relevant search terms for any collection and production of emails. If the parties are unable to agree and seek resolution by the Court of their disagreement, the party objecting to discovery shall have the burden of showing that such email discovery should not be conducted.

## F.   DUPLICATES

ESI may be de-duplicated across custodians using industry standard hash values. A Party is only required to produce a single copy of a responsive document. A Party may remove exact duplicate ESI according to the MD5/SHA-1 hashing method or hash value matching. However:

1.   De-duplication shall be performed only at the document family level so that attachments are not de-duplicated against identical stand-alone versions of such documents and vice versa. Each family member shall be hashed separately for purposes of populating the MD5/SHA-1 field.

2.   Attachments to e-mails or other documents shall not be disassociated from the parent e-mail or document even if they are exact duplicates of another document in the production.

7

3.     Paper documents shall not be eliminated as duplicates of responsive ESI.

## G.     PRIVILEGED COMMUNICATIONS

Each party will review all documents, including ESI, for privileged information prior to production.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged communications or work product in any form, including ESI, is not a waiver in the pending case or in any other federal or state proceeding.

Documents that are withheld or produced in redacted form on privilege grounds will be identified in a privilege log within 30 days after making a document production from which documents are withheld.     The parties agree that any communications and documents that are privileged or protected as work product that are generated after the original filing of this litigation in the United States District Court for the District of Colorado do not need to be included on a privilege log.

## H.     RIGHT TO REQUEST ADDITIONAL INFORMATION

The agreements set forth herein are without prejudice to the right of a requesting party to request additional information about ESI and discovery in accordance with the Federal Rules of Civil Procedure.     However, a party who, in good faith reliance upon paragraph B of this agreement, does not preserve ESI described in that paragraph is not in breach of its discovery obligations.

Dated: October 17, 2019

## AGREED TO BY THE PARTIES

By: /s/ William D. Kloss, Jr.
William D. Kloss, Jr. (Ohio Bar No. 0040854)
Tyler B. Pensyl (Ohio Bar No. 0080649)
Arryn K. Miner (Ohio Bar No. 0093909)

By: /s/ Mark Berkowitz
Anthony F. Lo Cicero
Mark Berkowitz
Sandra A. Hudak

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Phone: (614) 464-6360
Email: wdklossjr@vorys.com
      tbpensyl@vorys.com
      akminer@vorys.com


Martha L. Fitzgerald, #14078
Joshua A. Weiss #49758
Brownstein Hyatt Faber Schreck LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Phone: (303) 223-1472
Email: mfitzgerald@bhfs.com

*Counsel for Plaintiffs/Counterclaim-
Defendants*

AMSTER, ROTHSTEIN
& EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 336-8000
FAX: (212) 336-8001
Email: alocicero@arelaw.com
      mberkowitz@arelaw.com
      shudak@arelaw.com

Ian R. Walsworth
Ian R. Rainey
LEWIS BRISBOIS BISGAARD
& SMITH LLP
1700 Lincoln Street, Suite 4000
Denver, CO 80203
Telephone: (720) 292-2059
FAX: (303) 861-7797
Email: Ian.Walsworth@lewisbrisbois.com
      Ian.Rainey@lewisbrisbois.com

*Counsel for Defendants/Counterclaim-
Plaintiffs*


**SO ORDERED.**

Date: _October 21, 2019_

_____
The Honorable Kristen L. Mix
United States Magistrate Judge