**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-00626-DME-KLM

OTTER PRODUCTS, LLC and
TREEFROG DEVELOPMENTS, INC.

        Plaintiffs,

v.

BIG BIRDS, LLC, DAVE'S MARKET, LLC,
DAVID PAIGE, JUDAH HOLLAND, and
JOHN DOES 1-10, individually or as corporate/business entities,

        Defendants.

BIG BIRDS, LLC and DAVE'S MARKET, LLC,

        Counterclaim-Plaintiffs,

v.

OTTER PRODUCTS, LLC, and
TREEFROG DEVELOPMENTS, INC.,

        Counterclaim-Defendants.

---

**~~[[[[[[[[[[[[[[]]]]]~~ PROPOSED FINAL PRETRIAL ORDER**

---

## 1. DATE AND APPEARANCES

The Final Pretrial Conference in the above-captioned matter took place on April 16, 2021 at 1:30 p.m. MST. Plaintiffs Otter Products, LLC and Treefrog Developments, Inc. ("Plaintiffs") were represented by William D. Kloss, Jr. of Vorys, Sater, Seymour and Pease LLP. Defendants Big Birds, LLC and David Paige ("Defendants") were represented by Mark Berkowitz and Sandra A. Hudak of Tarter Krinsky & Drogin LLP.

## 2.  JURISDICTION

This Court has subject matter jurisdiction matter pursuant to 28 U.S.C. §§ 1331 and 1338 as Plaintiffs have asserted federal claims under 15 U.S.C. §§ 1114 and 1125.  This Court has supplemental jurisdiction over Plaintiffs' other claims under 28 U.S.C. § 1367 because they are substantially related to Otter's federal claims such that they form part of the same case or controversy.  The Court's subject matter jurisdiction is not disputed.

On August 9, 2019, this Court ruled that Plaintiffs established a *prima facie* showing of this Court's personal jurisdiction over Defendants.  (Dkt. 39 at 2-4.)  In their motion for summary judgment filed on February 5, 2021, Defendants renewed their argument that this Court lacks personal jurisdiction over them.  (Dkt. 87 at 19-20.)  Plaintiffs contend that: (1) Defendants must withdraw objections they made in discovery and produce documents showing where they have sold products bearing Plaintiffs' trademarks if they want this Court to revisit the question of personal jurisdiction, and that (2) jurisdiction is secure, regardless of the contents of Defendants' sales records that have not yet been produced, based on facts that Defendants have already admitted.  (Dkt. 96 at 19-20.)

Defendants contend that Plaintiffs failed to meet their burden to demonstrate that personal jurisdiction over either of the defendants is proper.  Defendants contend that Plaintiffs' inability to demonstrate, inter alia, that Defendants purposefully exploited the Colorado market or otherwise targeted the state, is not the result of Plaintiffs' failure to conduct discovery on the issue.  The fact is that Defendants merely offer products through Amazon, a global e-commerce platform.  (Dkt. 87 at 19-20.)  Any resulting sales do not establish that that Defendants have purposefully directed activities at Colorado. (*Id.*)

### 3. CLAIMS AND DEFENSES

a.     <u>Plaintiffs</u>:

As explained in more detail in their Amended Complaint (Dkt. 21), Motion for Partial Summary Judgment (Dkt. 82), Opposition to Defendants' Motion for Summary Judgment (Dkt. 96), and Reply to their Motion for Partial Summary Judgment (Dkt. 103), Plaintiffs have sued Defendants for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 15 U.S.C. § 1125; false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); common law trademark infringement; and unfair and deceptive business practices in violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.*[1]  Plaintiffs' claims arise out of Defendants' infringement of Plaintiffs' trademarks in connection with Defendants' unlawful and unauthorized advertisement and sale of OtterBox®- and LifeProof®-brand products (collectively, "Otter Products") on the Internet.  Defendants' unlawful actions have caused significant harm to Plaintiffs' intellectual property, brand integrity, reputation, goodwill, and customer and business relationships.

<u>Trademark Infringement and Unfair Competition Claims</u>

Defendants are selling non-genuine products bearing Plaintiffs' trademarks (the "Otter Trademarks") that are not subject to, do not abide by, and interfere with Plaintiffs' quality controls in numerous ways.  To reduce harm to their goodwill and the value of their trademarks caused by widespread sales of poor quality Otter Products, Plaintiffs have implemented legitimate,

---

[1] Plaintiffs do not intend to pursue their claims for trademark dilution or tortious interference (Counts 3 and 7 of Plaintiffs' Amended Complaint, Dkt. 21).

substantial, and non-pretextual quality controls that all authorized resellers of their products ("Authorized Sellers") must follow, including quality controls directed specifically at problems commonly seen when products are sold on online marketplaces like Amazon. These quality controls are designed to protect consumers and the value of the Otter Trademarks, and minimize the likelihood that poor quality and damaged products reach consumers. Plaintiffs also visit their Authorized Sellers to provide training regarding Otter Products and ensure they follow Plaintiffs' quality controls, and monitor their Authorized Sellers' compliance with the quality controls through a robust auditing program that includes quarterly examinations of Authorized Sellers' online reviews and test purchases of Otter Products from Authorized Sellers. Defendants sell products outside of Plaintiffs' quality controls, interfere with Plaintiffs' ability to exercise their quality controls in numerous ways, and do not abide by Plaintiffs' quality controls, as evidenced (among other ways) by complaints consumers have made regarding products bearing the Otter Trademarks that Defendants have sold.

The products Defendants sell are also not genuine and are materially different from genuine Otter Products because they do not come with Plaintiffs' manufacturer's warranties (collectively, the "Otter Warranty") that cover Otter Products sold by Plaintiffs' Authorized Sellers who are subject to Plaintiffs' quality controls. Defendants do not disclose that the products they sell do not come with the Otter Warranty, and instead sell their products on listings that affirmatively state their products *do* come with the Otter Warranty. An unrebutted consumer survey submitted by Plaintiffs at summary judgment establishes that the Otter Warranty is material to consumers, as more than 80% of respondents reported they would be more likely to purchase Otter Products listed for sale on Amazon if they include the Otter Warranty and would likely leave negative

reviews of Otter Products if they learned after their purchase that their product was not covered by the Otter Warranty.

Defendants are injuring Plaintiffs and creating a likelihood of confusion by selling products that, unbeknownst to consumers, lack the Otter Warranty and are outside of, interfere with, and do not abide by Plaintiffs' quality controls. Plaintiffs have submitted unrebutted evidence that: (1) consumers believe Otter Products sold on Amazon by Defendants are actually sold by Plaintiffs; (2) consumers expect Otter Products sold on Amazon to be inspected, handled, and shipped according to Plaintiffs' quality control requirements; (3) consumers expect Otter Products sold on Amazon to be covered by the Otter Warranty; (4) consumers are likely to leave negative reviews of Otter Products on Amazon if they learn after their purchase that their product was not covered by the Otter Warranty, or if they receive poor quality Otter Products through purchases on Amazon; (5) Plaintiffs' products have received numerous negative reviews on Amazon that were caused by sales of products by unauthorized sellers; (6) customers have stated in negative reviews of Defendants' Amazon storefronts, and in communications with and about Defendants, that Defendants sold poor quality products bearing the Otter Trademarks; and (7) negative reviews harm Plaintiffs' commercial reputation and sales.

False Advertising and Deceptive Trade Practices Claims

Defendants are engaging in false advertising under the Lanham Act and in deceptive trade practices under the CCPA by advertising the products they sell as coming with the Otter Warranty. These representations are false, because the products Defendants sell do not come with the Otter Warranty. Plaintiffs' unrebutted evidence also establishes that Defendants' false advertising is material, likely to cause confusion, and injures Plaintiffs because the evidence shows that:

(1) consumers believe the products that Defendants sell on Amazon come with the Otter Warranty;

(2) consumers are likely to leave negative product reviews of Otter Products on Amazon if they

later learn their products are not covered by the Otter Warranty; and (3) negative reviews harm

Plaintiffs' commercial reputation and sales.

<u>Relief Sought</u>

As relief for their claims, Plaintiffs seek: (1) disgorgement of Defendants' profits from

their sales of infringing products pursuant to 15 U.S.C. § 1117(a); (2) permanent injunctive relief

pursuant to 15 U.S.C. § 1116; (3) recovery of enhanced damages and Plaintiffs' attorneys' fees

pursuant to 15 U.S.C. § 1117(a); (4) recovery of treble damages and Plaintiffs' attorneys' fees

pursuant to Colo. Rev. Stat. § 6-1-113; and (5) recovery of exemplary damages pursuant to Colo.

Rev. Stat. § 13-21-102.

b.    <u>Defendants</u>:

This case, like the many others filed by Plaintiffs in this District, is simply a strongarm

tactic to chase resellers of new, genuine and unaltered Otterbox and Lifeproof products off of the

Amazon platform.  The sum total of Defendants' conduct here involves purchasing genuine

OtterBox and LifeProof products on the open market and reselling them through Amazon

storefronts.  Such activities are protected by the first-sale doctrine.

Under the "first sale doctrine," the resale of genuine trademarked goods—like here—does

not constitute trademark infringement or unfair competition, even if made without the trademark

owner's consent. As discussed below, Plaintiffs urge the Court to allow private agreements and

unilateral disclaimers to trump the first sale doctrine. These arguments—which are just a circular

way of saying that only "authorized" parties can resell Otter Products—was soundly rejected

decades ago.

Plaintiffs' only option is to attempt to invoke one of the exceptions to this doctrine: (1) the quality control test; and (2) the material difference exception. Plaintiffs' purported quality controls procedures are a sham. They were implemented solely for the purpose of manufacturing legal claims and can be found verbatim in dozens of lawsuits filed by other brands. In all events, the bulk of the products sold by Plaintiffs are not subject to these procedures, nor do Plaintiffs monitor each of the entities that have agreed to them. Thus, Plaintiffs cannot show that they are "legitimate, substantial, and non-pretextual," as required.

Plaintiffs also allege that the Otter Products supplied by Defendants to Amazon are "materially different" than those sold by Plaintiffs and their Authorized Sellers because they do not come with a warranty. But all of the evidence in the record is to the contrary. Plaintiffs do in fact honor the warranty and concede that consumers typically seek warranty service from the retailer, not Plaintiffs. Plaintiffs also failed to adduce any evidence that consumers would consider the warranty relevant when making a purchase—their expert, Dr. Cowan, did not opine on this issue, or any legally relevant issues.

Plaintiffs' false advertising claim and deceptive trade practice claim fail for many of the same reasons. These claims are based on a single "bullet point" concerning warranty coverage inserted by Plaintiffs into an Amazon listing. But this statement is true—Plaintiffs' do honor their warranty—and, in all events, there is no evidence that the warranty is "material."

Moreover, Plaintiffs failed to establish injury or damage, a requisite element of each of their claims. Rather, Plaintiffs have confused the types of damages available, with the prerequisite of proving harm. Plaintiffs' expert only considered, in general, whether the sale of products by

"unauthorized" sellers could, hypothetically, lead to negative reviews. Dr. Cowan conceded that he: (1) has no data that shows a correlation between negative reviews and harm to Plaintiffs; (2) has no data that shows that consumer confusion harmed Otterbox; (3) did not attempt to quantify any alleged damage; and (4) does not know whether negative reviews "have an effect on a company's reputation."

Finally, Defendants have brought a counterclaim against Plaintiffs for tortious interference. In this regard, Big Birds has a contractual agreement with Amazon, under which Big Birds is permitted—by sub-license—to list genuine Otter Products on Amazon detail pages that include Plaintiffs' trademarks. Although Plaintiffs are aware of their trademark license to Amazon and Amazon's contract with Big Birds, they commenced, and have pressed forward with, this litigation in bad faith.

For these reasons, and those detailed in Defendants' Motion for Summary Judgment (Dkt. 87), Opposition to Plaintiffs' Motion for Partial Summary Judgment (Dkt. 99), and Reply in support of their Motion for Summary Judgment (Dkt. 101), Plaintiffs' claims are without merit. Defendants seek damages for Plaintiffs' tortious interference. Defendants should be awarded all costs and fees incurred in this litigation.

## 4. STIPULATIONS[2]

The following facts are undisputed:

1.     Otter Products, LLC owns the OTTERBOX® trademark and other trademarks identified in Paragraph 35 of the Amended Complaint (Dkt. 21).

---

[2] The parties will work together to attempt to identify additional undisputed facts.

2.      TreeFrog Developments, Inc. owns the LIFEPROOF® trademark and other trademarks identified in Paragraph 36 of the Amended Complaint.

3.      Big Birds, LLC owns and operates two storefronts on www.amazon.com ("Amazon") called "Helpful Hippos" and "Frantic frogs."

4.      Big Birds, LLC has been operating Amazon storefronts since 2011.

5.      David Paige is the President and sole operational manager of Big Birds, LLC.

## 5.  PENDING MOTIONS

1.      Plaintiffs' Motion for Partial Summary Judgment, filed February 5, 2021. (Dkt. 82.)

2.      Plaintiffs' *Daubert* Motion to Exclude Defendants' Expert Robert Wallace, filed February 5, 2021.  (Dkt. 84.)

3.      Defendants' Motion for Summary Judgment, filed February 5, 2021.  (Dkt. 87.)

4.      Defendants' Motion for Leave to File Surreply, filed March 18, 2021.  (Dkt. 102.)

## 6.  WITNESSES

a.      List the nonexpert witnesses to be called by each party.

   **PLAINTIFFS**

(1)      witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

         A.      **Kevin McPherson** - c/o counsel for Plaintiffs.  Mr. McPherson will testify about Plaintiffs' trademarks, Defendants' illegal sales of products bearing the Otter Trademarks, Plaintiffs' Authorized Sellers, Plaintiffs' quality controls, the Otter Warranty, and the damages Plaintiffs have suffered as a result of Defendants' actions.

B.    **Stacie Lukas** - c/o counsel for Plaintiffs.  Ms. Lukas will testify about Plaintiffs' trademarks, Defendants' illegal sales of products bearing the Otter Trademarks, Plaintiffs' Authorized Sellers, Plaintiffs' quality controls, the Otter Warranty, and the damages Plaintiffs have suffered as a result of Defendants' actions.

C.    **Jonathan Tudryn** - c/o counsel for Plaintiffs.  Mr. Tudryn will testify about Plaintiffs' trademarks, Defendants' illegal sales of products bearing the Otter Trademarks, Plaintiffs' Authorized Sellers, Plaintiffs' quality controls, the Otter Warranty, and the damages Plaintiffs have suffered as a result of Defendants' actions.

D.    **Court Merz, Sr.** - c/o counsel for Plaintiffs.  Mr. Merz will testify about Plaintiffs' customer service group and warranty claims that have been made regarding Otter Products.

E.    **David Paige** - c/o counsel for Defendants (for cross-examination).  Mr. Paige will testify about Defendants' sourcing of products bearing the Otter Trademarks, Defendants' use and infringement of the Otter Trademarks, Defendants' listings and sales of products bearing the Otter Trademarks, complaints consumers have made to Defendants regarding quality and customer service-related issues, and Defendants' communications with Plaintiffs.

(2)    witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

A.    Customers identified in Defendants' records who complained about products Defendants sold, in communications to Defendants and Amazon and in reviews of Defendants' Amazon storefronts. (*See* Dkt. Nos. 83-8, 82-12.)

B.    Any witness necessary for impeachment or rebuttal.

C.    Any records custodian needed to authenticate a record.

(3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

A.    **David Paige** - c/o counsel for Defendants, in the event Mr. Paige is not made available for cross-examination at trial.

B.    **Corporate representative of WiCom Mobile**, 3101 Lee Highway, Suite 3, Bristol, VA 24202, to authenticate purchase records.

C.    **Corporate representative of Reverse Logistics USA**, 1551 Bergen Street, Brooklyn, NY 11213, to authenticate purchase records.

**DEFENDANTS**

(1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

A.    **David Paige** - c/o counsel for Defendants.  Mr. Paige will testify about Defendants' business operations, including sourcing of Otter Products, listing and sale of Otter Products, warranty and return policies, and customer service-related issues.

B. **<u>Kevin McPherson</u>** - c/o counsel for Plaintiffs.  Mr. McPherson will testify about: (1) Plaintiffs' alleged quality controls, including when and how they were acquired, agreements by Plaintiffs' customers concerning these quality controls and Plaintiffs' targeting of online sellers of genuine products using these quality controls; (2) Plaintiffs' alleged warranty, including Plaintiffs' changes to its warranty policy and provision of warranty services; and (3) Complaints about products Plaintiffs and their Authorized Resellers sold.

C. **<u>Stacie Lukas</u>** - c/o counsel for Plaintiffs.  Ms. Lukas will testify about: (1) Plaintiffs' alleged quality controls, including agreements by Plaintiffs' customers concerning these quality controls; and (2) Complaints about products Plaintiffs and their Authorized Resellers sold.

(2)     witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

A. Customers identified in Defendants' records who complained about products Plaintiffs and their Authorized Resellers sold, including in communications to Amazon and in reviews of Plaintiffs' and their Authorized Resellers' Amazon storefronts.  (*See* Dkt. Nos. 83-8, 82-12.)

B. Any witness necessary for impeachment or rebuttal.

C. Any records custodian needed to authenticate a record.

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

    A.  **Kevin McPherson** (via videotaped deposition testimony) - c/o counsel for Plaintiffs, in the event Mr. McPherson is not made available for cross-examination at trial.

    B.  **Stacie Lukas** (via videotaped deposition testimony) - c/o counsel for Plaintiffs, in the event Ms. Lukas is not made available for cross-examination at trial.

b.    Expert witnesses:

**PLAINTIFFS**

(1)     witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

**Charles Cowan** – Analytic Focus, 11467 Huebner Road, Suite 200, San Antonio, TX 78230 (210-641-2817).  Dr. Cowan will offer various opinions regarding consumer confusion and materiality of the Otter Warranty and Plaintiffs' quality controls, including the survey he conducted that involved these issues and Defendants' listings of products on Amazon.  Dr. Cowan's full opinions are set forth in his expert report.  It is anticipated that Dr. Cowan will testify live at trial.

**Cathy Ceely** – Riverbend Consulting, P.O. Box 2198, Yelm, WA 98597 (253-318-0412).  Ms. Ceely will offer various opinions regarding the Amazon online marketplace, Plaintiffs' quality controls, and injury to Plaintiffs' commercial reputation and sales caused by negative reviews of Plaintiffs' products on Amazon.

Ms. Ceely's full opinions are set forth in her expert report. It is anticipated that Ms. Ceely will testify live at trial.

(2)     witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

**None contemplated at this time.**

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

**Robert Wallace** - c/o counsel for Defendants, in the event Mr. Wallace is not made available for cross examination at trial.

## DEFENDANTS

(1)     witnesses who will be present at trial:

**Robert Wallace** – Best of Breed Branding Consortium, LLC. Mr. Wallace will offer opinions regarding the materiality of the features of the Otter Products, the survey he conducted that involved these issues and the fundamental flaws in Dr. Cowan's opinions. Mr. Wallace's opinions are set forth in his expert report. It is anticipated that Mr. Wallace will testify live at trial.

(2)     witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**None contemplated at this time.**

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

**Charles Cowan** (via videotaped deposition testimony) - c/o counsel for Plaintiffs, in the event Dr. Cowan is not made available for cross examination at trial.

## 7. EXHIBITS[3]

a.

    (1)    Plaintiffs' Exhibit List is attached as Attachment A.

    (2)    Defendants' Exhibit List is attached as Attachment B.

b.    Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

a.    Counsel for the parties have met by telephone in December 2020 and in January 2021 to discuss in good faith the settlement of the case and exchanged proposals for settlement.

b.    The participants in the settlement conference included counsel.

c.    The parties were promptly informed of all offers of settlement.

---

[3] The parties will work together to eliminate duplicate exhibits.

d.      Counsel for the parties do not intend to hold settlement conferences at this time, but will revisit settlement after the Court issues any orders on the Parties' various summary judgment motions.

e.      It appears from the discussion by all counsel that there is some possibility of settlement.

f.      Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

1.      Trial is to a jury.

2.      Estimated trial time:  5 days.

3.      Situs of trial:  Byron G. Rogers U.S. Courthouse in Denver, CO.

4.      Other orders pertinent to the trial proceedings:  None.

DATED this _____12th_____ day of _____April_____, 2021.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

_s/ William D. Kloss, Jr. (with permission)_
William D. Kloss, Jr. (Ohio Bar No.
0040854)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Phone: (614) 464-6334
Email: wdklossjr@vorys.com

Martha L. Fitzgerald, #14078
Brownstein Hyatt Faber Schreck LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Phone: (303) 223-1472
Email: mfitzgerald@bhfs.com

*Counsel for Plaintiffs Otter Products, LLC
and TreeFrog Developments, Inc.*

_s/ Mark Berkowitz_
Ian R. Walsworth
FISHERBROYLES LLP
1400 16th Street
16 Market Square, Ste. 400
Denver, CO 80203
Telephone: (303) 803-6158
Email: Ian.Walsworth@fisherbroyles.com

Mark Berkowitz
Sandra A. Hudak
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Telephone: (212) 216-8000
Email: mberkowitz@tarterkrinsky.com
        shudak@tarterkrinsky.com

*Counsel for Defendant/Counterclaim-
Plaintiff Big Birds, LLC and Defendant
David Paige*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Court on April 9, 2021.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/ Mark Berkowitz*
Mark Berkowitz

Judge David M. Ebel

Case No. 1:19-cv-00626-DME-KLM         Plaintiffs' Exhibits                    Page 1 of 10

| Exhibit No. | Brief Description | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| P-1 | Expert Report of Charles D. Cowan (Dkt. 82-18) | | | | | |
| P-2 | Expert Report of Cathy Ceely (Dkt. 82-16) | | | | | |
| P-3 | Plaintiffs' Trademark Registrations (Dkt. 82-2) | | | | | |
| P-4 | Samples of Business Press Articles About Amazon Followed By Plaintiffs (Dkt. 82-3) | | | | | |
| P-5 | Otter Products, LLC Authorized Distributor Policy (OTTER00000032-34, included in Dkt. 83-1) | | | | | |
| P-6 | Otter Products, LLC Authorized Reseller Policy (OTTER00000037-38, included in Dkt. 83-1) | | | | | |
| P-7 | Otter Products, LLC Authorized Retailer Policy (OTTER00000039-41, included in Dkt. 83-1) | | | | | |
| P-8 | Otter Products, LLC Secondary Market Authorized Reseller Policy (OTTER00000046-48, included in Dkt. 83-1) | | | | | |
| P-9 | OtterBox and LifeProof Authorized Reseller Application (OTTER00000055-71, included in Dkt. 83-1) | | | | | |
| P-10 | Otter Products Standard Terms and Conditions of Sale (OTTER00000072-76, included in Dkt. 83-1) | | | | | |
| P-11 | Otter Products, LLC Authorized Online Seller Application (OTTER00000026-31, Dkt. 83-2) | | | | | |

Judge David M. Ebel

Case No. 1:19-cv-00626-DME-KLM        Plaintiffs' Exhibits            Page 2 of 10

| Exhibit No. | Brief Description | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| P-12 | Otter Products, LLC Online Quality Control Policy (OTTER00000007-11, Dkt. 83-3) | | | | | |
| P-13 | Amazon.com Facility Visitor Nondisclosure Agreements (OTTER00003694-3696, Dkt. 83-4) | | | | | |
| P-14 | Otter Products, LLC Online Quality Control Auditing Program, Review of Authorized Websites Worksheet (OTTER00000012, Exhibit 28 to Deposition of Stacie Lukas, filed as part of Dkt. 83-5) | | | | | |
| P-15 | Otter Products, LLC Online Quality Control Auditing Program, Inspection of Product Reviews Worksheet (OTTER00000013, Exhibit 29 to Deposition of Stacie Lukas, filed as part of Dkt. 83-5) | | | | | |
| P-16 | Otter Products, LLC Online Quality Control Auditing Program, Product Purchase Worksheet (OTTER00000014, Exhibit 30 to Deposition of Stacie Lukas, filed as part of Dkt. 83-5) | | | | | |
| P-17 | OtterBox and LifeProof Warranty Statements for OtterBox® and LifeProof®-brand products (Dkt. 82-4; includes Exhibit 14 to Deposition of Kevin McPherson (OTTER00000020-22) and Exhibit 15 to Deposition of Kevin McPherson (OTTER00000049-51)) | | | | | |
| P-18 | Otter Products, LLC Global Warranty Policy | | | | | |

Judge David M. Ebel

Case No. 1:19-cv-00626-DME-KLM          Plaintiffs' Exhibits                    Page 3 of 10

| Exhibit No. | Brief Description | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| | (OTTER00000042-45, Dkt. 83-6) | | | | | |
| P-19 | Amazon Condition Guidelines (Exhibit 3 to Deposition of David Paige, Dkt. 82-5) | | | | | |
| P-20 | Excerpt of Form 10-K filed by Amazon for fiscal year 2018 (Dkt. 82-7) | | | | | |
| P-21 | Excerpt of Form 10-K filed by Amazon for fiscal year 2019 (Dkt. 82-8) | | | | | |
| P-22 | "The Fight Against Fakes" Senate Finance Committee Report (Dkt. 82-9) | | | | | |
| P-23 | Records of Defendants' Communications with Customers Regarding Otter Products and Customers' Reasons for Returning Otter Products Sold By Defendants (BB00000305-306, Dkt. 83-8) | | | | | |
| P-24 | Records of Customer Reviews of Defendants' "Frantic frogs" Amazon Storefront (Exhibit 12 to Deposition of David Paige, Dkt. 82-12) | | | | | |
| P-25 | Plaintiffs' November 5, 2018 cease-and-desist letter to Defendants (Exhibit 14 to Deposition of David Paige, Dkt. 82-14) | | | | | |
| P-26 | Plaintiffs' November 14, 2018 cease-and-desist letter to Defendants (Exhibit 15 to Deposition of David Paige) | | | | | |
| P-27 | Recording of phone conversation between Plaintiffs' customer service and customer who purchased from | | | | | |

Judge David M. Ebel

Case No. 1:19-cv-00626-DME-KLM          Plaintiffs' Exhibits          Page 4 of 10

| Exhibit No. | Brief Description | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
|  | Defendants' "Frantic frogs" storefront (mp3 file) (OTTER00003198, Dkt. 96-2) |  |  |  |  |  |
| P-28 | Plaintiffs' First Set of Requests for Production to Defendants |  |  |  |  |  |
| P-29 | Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production to Defendants (Dkt. 96-4) |  |  |  |  |  |
| P-30 | Partial Records of Sales By Defendants' "Helpful Hippos" Storefront Produced By Defendants (BB00000287, Dkt. 88-3) |  |  |  |  |  |
| P-31 | Partial Records of Sales by Defendants' "Frantic frogs" Storefront Produced By Defendants (BB00000286, Exhibit 6 to Deposition of David Paige) |  |  |  |  |  |
| P-32 | Records of Sales by Defendants' "Helpful Hippos" Storefront from 2020 – present (TO BE PRODUCED) |  |  |  |  |  |
| P-33 | Records of Sales by Defendants' "Frantic frogs" Storefront from 2020 – present (TO BE PRODUCED) |  |  |  |  |  |
| P-34 | Plaintiffs' List of Authorized Sellers (OTTER00003714, Exhibit 5 to Deposition of Kevin McPherson, Dkt. 88-4) |  |  |  |  |  |
| P-35 | June 6, 2019 invoice from one of Defendants' suppliers of Otter Products (BB00000295, part of Exhibit 2 to Deposition of David Paige) |  |  |  |  |  |

Judge David M. Ebel

Case No. 1:19-cv-00626-DME-KLM          Plaintiffs' Exhibits          Page 5 of 10

| Exhibit No. | Brief Description | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| P-36 | July 10, 2019 invoice from one of Defendants' suppliers of Otter Products (BB00000296, part of Exhibit 2 to Deposition of David Paige) | | | | | |
| P-37 | April 30, 2019 invoice from one of Defendants' suppliers of Otter Products (BB00000297-298, part of Exhibit 2 to Deposition of David Paige) | | | | | |
| P-38 | July 25, 2019 invoice from one of Defendants' suppliers of Otter Products (BB00000299-302, part of Exhibit 2 to Deposition of David Paige) | | | | | |
| P-39 | November 6, 2019 invoice from one of Defendants' suppliers of Otter Products (BB00000303-304, part of Exhibit 2 to Deposition of David Paige) | | | | | |
| P-40 | July 18, 2019 invoice from one of Defendants' suppliers of Otter Products (BB00000307). | | | | | |
| P-41 | Listings of Otter Products by Defendants "Frantic frogs" storefront (Exhibit 4 to Deposition of David Paige) | | | | | |
| P-42 | Listings of Otter Products by Defendants "Helpful Hippos" storefront (Exhibit 5 to Deposition of David Paige) | | | | | |
| P-43 | Images of Information Provided on "Frantic frogs" Amazon Storefront (Exhibit 8 to Deposition of David Paige) - | | | | | |
| P-44 | Images of Information Provided on "Frantic frogs" Amazon Storefront (Exhibit 9 to Deposition of David Paige) | | | | | |

Judge David M. Ebel

Case No. 1:19-cv-00626-DME-KLM          Plaintiffs' Exhibits          Page 6 of 10

| Exhibit No. | Brief Description | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| P-45 | Robert Wallace Survey (Dkt. 84-4) | | | | | |
| P-46 | Robert Wallace Survey Responses (Exhibit 10 to Deposition of Robert Wallace) | | | | | |
| P-47 | Federal Judicial Reference Manual on Scientific Evidence (Exhibit 2 to Deposition of Robert Wallace) | | | | | |
| P-48 | Excerpt from "Reference Guide on Survey Research" by Shari Seidman Diamond (Exhibit 3 to Deposition of Robert Wallace) | | | | | |
| P-49 | Excerpt from "Trademark Surveys: Designing, Implementing, and Evaluating Surveys, Volume 1" by Jacob Jacoby (Exhibit 5 to Deposition of Robert Wallace) | | | | | |
| P-50 | Excerpt from "Trademark and Deceptive Advertising SURVEYS" by Shari Seidman Diamond and Jerre B. Swann (Exhibit 6 to Deposition of Robert Wallace) | | | | | |
| P-51 | "Measuring Consumer Confusion through Online Surveys" by Hal Poret and William Schultz (Exhibit 7 to Deposition of Robert Wallace) | | | | | |
| P-52 | Amazon A-Z Guarantee (Exhibit 11 to Deposition of Robert Wallace, Dkt. 84-11) | | | | | |
| P-53 | Frequency Table for Robert Wallace Survey Data (Exhibit 9 to Deposition of Robert Wallace) | | | | | |

*Otter Products, LLC et al. v. Big Birds, LLC et al.,*
**Civil Action No. 1:19-cv-00626-DME-KLM**

**DEFENDANTS' EXHIBIT LIST**

| Exhibit No. | Bates No. | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| D-1 | BB00000001-45 (Amazon Services Business Solutions Agreement) | | | | | |
| D-2 | BB00000046-47 (Amazon.com - About Exchanges and Replacements) | | | | | |
| D-3 | BB00000048-49 (Amazon.com - About Manufacturer Warranties) | | | | | |
| D-4 | BB00000050-52 (Amazon.com - About Refund) | | | | | |
| D-5 | BB00000053-55 (Amazon.com - About Warranty Repairs) | | | | | |
| D-6 | BB00000056-69 (BestBuy.com – Otterbox customer reviews) | | | | | |
| D-7 | BB00000070-76 (Verizon.com – Otterbox customer reviews) | | | | | |
| D-8 | BB00000077-180 (Target.com – Otterbox customer reviews) | | | | | |
| D-9 | BB00000181-229 (Target.com – Otterbox customer reviews) | | | | | |
| D-10 | BB00000230-248 (OtterBox.com – Otterbox customer reviews) | | | | | |
| D-11 | BB00000249-255 (Verizon.com – Otterbox customer reviews) | | | | | |

Civil Action No. 1:19-cv-00626-DME-KLM
Defendants' Exhibit List

| Exhibit No. | Bates No. | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| D-12 | BB00000256-268 (BestBuy.com – Otterbox customer reviews) | | | | | |
| D-13 | BB00000269-283 (BestBuy.com – Otterbox customer reviews) | | | | | |
| D-14 | BB00000284-285 (OtterBox Limited Warranty) | | | | | |
| D-15 | BB00000286 (Sales - Frantic Frogs) | | | | | |
| D-16 | BB00000287 (Sales - Helpful Hippos) | | | | | |
| D-17 | BB00000288-294 (Verizon.com – Otterbox customer reviews) | | | | | |
| D-18 | BB00000295-96 (Invoices) | | | | | |
| D-19 | BB00000297-304 (Invoices) | | | | | |
| D-20 | BB00000305 (Customer Communications) | | | | | |
| D-21 | BB00000306 (Records of Customer Returns) | | | | | |
| D-22 | BB00000307 (Invoice) | | | | | |
| D-23 | BB00000308-10 (alwayz-on-sale Profile) | | | | | |
| D-24 | BB00000311-12 (Home & Above Profile) | | | | | |
| D-25 | BB00000313-23 (Amazon.com Otterbox listing) | | | | | |
| D-26 | BB00000324-26 (19th Hole Deals Profile) | | | | | |
| D-27 | BB00000327-29 (19th Hole Deals Profile) | | | | | |
| D-28 | BB00000330-31 (A4C Online Profile) | | | | | |

Civil Action No. 1:19-cv-00626-DME-KLM
Defendants' Exhibit List

| Exhibit No. | Bates No. | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| D-29 | BB00000332-33 (A4C Online Profile) | | | | | |
| D-30 | BB00000334-35 (A4C Online Profile) | | | | | |
| D-31 | BB00000336-37 (Home & Above Profile) | | | | | |
| D-32 | BB00000338-40 (Re-Com Online Profile) | | | | | |
| D-33 | BB00000341-42 (thePruneDanish Profile) | | | | | |
| D-34 | BB00000343-44 (thePruneDanish Profile) | | | | | |
| D-35 | BB00000345-46 (Otterbox Profile) | | | | | |
| D-36 | BB00000347-51 (Amazon.com - Condition Guidelines) | | | | | |
| D-37 | BB00000352-53 (OtterBox.com – OtterBox Warranty) | | | | | |
| D-38 | BB00000354-72 (Vendor Terms and Conditions) | | | | | |
| D-39 | BB00000373-448 (OtterBox and Lifeproof Listings) | | | | | |
| D-40 | BB00000449-51 (Helpful Hippos Profile) | | | | | |
| D-41 | BB00000452-54 (Frantic Frogs Profile) | | | | | |
| D-42 | BB00000455-56 (Amazon.com - Limited License Agreement) | | | | | |
| D-43 | BB00000457-64 (Amazon FBA - Just say NO to commingling inventory) | | | | | |
| D-44 | BB00000465-66 (Amazon.com - About A-Z Guarantee) | | | | | |

Civil Action No. 1:19-cv-00626-DME-KLM
Defendants' Exhibit List

| Exhibit No. | Bates No. | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| D-45 | BB00000467-76 (Amazon.com - Amazon A-to-z Guarantee for Buyers) | | | | | |
| D-46 | BB00000477-78 (Amazon.com - Report Infringement) | | | | | |
| D-47 | BB00000479-83 (OtterBox.com - Certified Drop Protection) | | | | | |
| D-48 | BB00000484-1755 (Complaints filed by Plaintiffs' Counsel) | | | | | |
| D-49 | BB00001756-65 (Amazon.com - Intellectual Property for Rights Owners) | | | | | |
| D-50 | n/a - Vendor Terms and Conditions (Exhibit I to Defendants' Motion for Summary Judgment - ECF No. 87-9) | | | | | |
| D-51 | n/a - Deposition Transcript of Kevin McPherson (Exhibit A to Defendants' Motion for Summary Judgment - ECF No. 87-9) | | | | | |
| D-52 | n/a - Deposition Transcript of Stacie Lukas (Exhibit B to Defendants' Motion for Summary Judgment - ECF No. 87-9) | | | | | |

Civil Action No. 1:19-cv-00626-DME-KLM
Defendants' Exhibit List

| Exhibit No. | Bates No. | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| D-53 | n/a - Deposition Transcript of Charles D. Cowan (Exhibit C to Defendants' Motion for Summary Judgment - ECF No. 87-9) | | | | | |
| D-54 | n/a - Deposition Transcript of David Paige (Exhibit D to Defendants' Motion for Summary Judgment - ECF No. 87-9) | | | | | |
| D-55 | n/a - Expert Report of Charles D. Cowan (ECF No. 82-18) and underlying data | | | | | |
| D-56 | n/a - Rebuttal Expert Report of Robert Wallace (Exhibit E to Defendants' Motion for Summary Judgment - ECF No. 87-9) and underlying data | | | | | |
| D-57 | n/a - Plaintiffs' Objections and Responses to Defendants' First Set of Requests for Documents and Things | | | | | |
| D-58 | Axis00000001-32 (Purchase Orders) | | | | | |
| D-59 | Axis00000033-89 (Invoices) | | | | | |
| D-60 | WiCom0000001-122 (Invoices) | | | | | |
| D-61 | OTTER00000001-05 (Emails to John McKinney from Amazon regarding Otterbox and Lifeproof purchases) | | | | | |
| D-62 | OTTER00000006 (List of purchases) | | | | | |

Civil Action No. 1:19-cv-00626-DME-KLM
Defendants' Exhibit List

| Exhibit No. | Bates No. | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| D-63 | OTTER00000017 (Communication) | | | | | |
| D-64 | OTTER00000647-68 (Walmart Agreements and Communications) | | | | | |
| D-65 | OTTER00000671-721 (Amended and Restated Intellectual Property License Agreement) | | | | | |
| D-66 | OTTER00003095-104 (Vendor Terms and Conditions) | | | | | |
| D-67 | OTTER00003105-128 (Amazon.com request) | | | | | |
| D-68 | OTTER00003198 (Audio file) | | | | | |
| D-69 | OTTER00003199-201 (Email regarding Amazon order) | | | | | |
| D-70 | OTTER00003202 (Email regarding Amazon orders) | | | | | |
| D-71 | OTTER00003203 (List of Amazon purchases) | | | | | |
| D-72 | OTTER00003204-454 (Emails to Sara Yamashiro from Amazon regarding Otterbox and Lifeproof purchases) | | | | | |
| D-73 | OTTER00003455-57 (Order details from Amazon regarding Lifeproof purchases) | | | | | |
| D-74 | OTTER00003458-59 (Email from Sara Yamashiro) | | | | | |
| D-75 | OTTER00003460-63 (Amazon Brand Registry Terms of Use) | | | | | |

Civil Action No. 1:19-cv-00626-DME-KLM
Defendants' Exhibit List

| Exhibit No. | Bates No. | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| D-76 | OTTER00003469-71 (Email agreements between Amazon and OTTER B2B) | | | | | |
| D-77 | OTTER00003472-517 (Email agreements between Amazon and Otter Products, LLC) | | | | | |
| D-78 | OTTER00003519-46 (Amazon agreements) | | | | | |
| D-79 | OTTER00003547 (Amazon agreement) | | | | | |
| D-80 | OTTER00003573 (Amazon agreement) | | | | | |
| D-81 | OTTER00003699-712 (Email agreements between Amazon and Otter Products, LLC) | | | | | |
| D-82 | OTTER00003714 (List of Authorized Resellers) | | | | | |
| D-83 | OTTER00003725-43 (Bohm Techs - Secondary Market Sales Agreement) | | | | | |
| D-84 | OTTER00003769-93 (Product Reseller Agreement) | | | | | |
| D-85 | OTTER00003794-95 (Changes to Warranty Form on OtterBox.com) | | | | | |
| D-86 | OTTER00003796-806 (OtterBox Warranty) | | | | | |
| D-87 | OTTER00003807-28 (Laguna 2 LLC - Secondary Market Sales Agreement) | | | | | |
| D-88 | OTTER00003829-54 (Bohm Techs - Secondary Market Consignment Agreement) | | | | | |

Civil Action No. 1:19-cv-00626-DME-KLM
Defendants' Exhibit List

| Exhibit No. | Bates No. | Offer | Stip | IN | OUT | Remarks |
|---|---|---|---|---|---|---|
| D-89 | OTTER00003855-72 (Simple Cell Inc. - Secondary Market Sales Agreement) | | | | | |
| D-90 | OTTER00003873 (Excel file) | | | | | |
| D-91 | OTTER00003874-94 (Dobi & Associates - Secondary Market Sales Agreement) | | | | | |
| D-92 | OTTER00003924-44 (PCS Wireless Secondary Market Sales Agreement) | | | | | |
| D-93 | OTTER00003945-65 (PruneDanish.com Corp Secondary Market Sales Agreement) | | | | | |